The case of Commercial Ins. Co. v. Newkirk, 16 N. Y. Supp. 177, relied upon and cited and extensively quoted from in appellant's brief, is clearly distinguishable from this one in the particular referred to by us above. The statute which Vann, J., was then considering expressly limited the exemption to corporations, associations, or societies "authorized to do business under the act." Chapter 175, p. 172, Laws 1883; chapter 116, p. 112, Laws 1884. There is no such limitation here. We think this fund is clearly exempt under section 212 of the insurance law.

We do not deem it necessary to decide whether section 238 is applicable to the life association in question, so as to exempt this fund from execution also.

Judgment affirmed, with costs. All concur.

---

(109 App. Div. 339.)

NEAGLE v. SYRACUSE, B. & N. Y. R. CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

1. MASTER AND SERVANT—DEATH OF RAILWAY EMPLOYÉ—DEFECTIVE ROADBED—NEGLIGENCE.

In an action for death of a railroad fireman, evidence *held* to warrant a finding of negligence on the part of the company, arising from its failure to remove ice from near the rails, rendering it liable for the fireman's death.

2. SAME—ASSUMPTION OF RISK.

The risk of being injured by reason of defects in the track was not a risk assumed by the fireman.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 555.]

Nash, J., dissenting.

Appeal from Trial Term, Onondaga County.

Action by Garrett Neagle, as administrator of Garrett Neagle, Jr., against the Syracuse, Binghamton & New York Railroad Company. From a judgment for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Jenney & Jenney, for appellant.
McLennan & Sargent, for respondent.

WILLIAMS, J. The judgment and order should be affirmed, with costs.

The action is to recover for the death of plaintiff's intestate, alleged to have been caused by defendant's negligence. The deceased was a fireman in the employ of the defendant, and was killed in an accident which occurred February 20, 1902. A snowplow was being driven by two engines. The plow and the front engine were derailed, and tipped over. The deceased was fireman on the derailed engine. The plaintiff claimed the cause of the accident was the defective condition of the roadbed and track at the place where

the same occurred; that there was a bed of thick, solid ice between the rails, filling the space to the top of the rails, and the ice was so firm that no depression was made in it by the flanges of the plow and engines; that this condition had existed for more than a week before the accident; that employés of the defendant, about a week before the accident, had cleared all the snow off, and exposed this condition of the ice to view, and it had remained so exposed for five or six days before a snowfall again covered it up; that during the time the ice remained so exposed to view the track walker and inspector of defendant, charged with the duty of seeing that the track was in a safe condition, had passed over and seen the ice several times each day, but no effort had been made to remove the ice or cure the defective condition of the tracks; that two days before the accident new snow had fallen and covered the ice from 18 inches to 2 feet in depth, light snow; and that the accident occurred when the plow was being used to remove this snow. A great deal of evidence was given on the trial, and the jury were justified in finding from such evidence the facts here stated as claimed by the plaintiff. These facts being established, the jury were justified in finding the defendant guilty of negligence which caused the death of plaintiff's intestate.

The roadbed and tracks were in a defective and dangerous condition. Defendant had notice of such condition, made no effort to repair the defects, but sent this train out to run over it, and the accident was the result. It is not a case of ice covered by deep snow, unknown to defendant and discoverable only by removing the snow with the plow. The snow had been removed, and the ice exposed to view. It had remained so exposed for a week undisturbed, though defendant's track inspector had passed over it frequently and knew all about it. It was not a safe roadbed or tracks for engines to be run over. It was the duty of defendant to remove the ice from near the rails, so as to enable the flanges of the wheels to hold the plow and engines upon the rails, or else to discontinue the use of the track. Failure to perform this duty constitutes negligence, rendering the defendant liable for the death of the deceased. This was not a risk assumed by the deceased, and there is no claim made that he was guilty of contributory negligence. The verdict was, therefore, justified by the evidence, and the questions remaining for consideration are the various exceptions to the evidence and the charge. We have examined such exceptions, and find none which are so erroneous as to call for a reversal of the judgment and order appealed from.

Judgment and order affirmed, with costs. All concur, except NASH, J., who dissents.